HOWELL, Respondent, v. NEW YORK CENT. & H. R. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 23, 1907.) Action by Harry Howell against the New York Central & Hudson River Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event unless the plaintiff stipulates to reduce the verdict to the sum of $2,000 as of the date of the rendition thereof, in which event the judgment as so modified and the order are affirmed, without costs of this appeal to either party.

KRUSE and ROBSON, JJ., dissent, and vote for affirmance.

ILLCH, Respondent, v. MUTUAL BENEFIT LIFE INS. CO., et al., Appellants. (Supreme Court, Appellate Division, Third Department. January 9, 1907.) Action by Babette Illch against the Mutual Benefit Life Insurance Company and another. No opinion. Reargument ordered.

INGERSOLL, Appellant, v. SANDERS et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. January 30, 1907.) Action by William D. Ingersoll against Henry B. Sanders and another. No opinion. Judgment and order affirmed, with costs.

JANSSEN, Respondent, v. NEW YORK EVENING POST CO., Appellant. (Supreme Court, Appellate Division, Second Department. January 31, 1907.) Action by Frederick W. Janssen against the New York Evening Post Company. No opinion. Interlocutory judgment affirmed, with costs.

JOHNSON, Respondent, v. WHITE et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 31, 1907.) Action by Martin I. Johnson against Sarah J. White and others. No opinion. Interlocutory judgment affirmed, with costs.

JONES, Respondent, v. OFFERMAN, Appellant. (Supreme Court, Appellate Division, Second Department. January 25, 1907.) Action by Caroline A. Jones against Carsten Offerman. No opinion. Judgment of the Municipal Court affirmed, with costs.

JULEY, Respondent, v. TOWN TOPICS PUB. CO., Appellant. (Supreme Court, Appellate Division, First Department. February 8, 1907.) Action by Peter A. Juley against the Town Topics Publishing Company. C. L. Craig, for appellant. J. B. Southard, for respondent. No opinion. Judgment affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs in this court and in the court below. Order filed.

JUNGMAN, Appellant, v. PARKER, Respondent. (Supreme Court, Appellate Division, First Department. January 25, 1907.) Action by Charles Jungman against Andrew D. Parker. M. Mayer, for appellant. A. D. Parker, for respondent. No opinion. Order modified by allowing the defendant to serve the answer annexed to the moving papers, and, as so modified, affirmed, without costs. Settle order on notice.

KELLY, Respondent, v. WILLS, Appellant. (Supreme Court, Appellate Division, Second Department. January 31, 1907.) Action by Catherine Kelly, as administratrix, etc., against Charles T. Wills. No opinion. Motion denied.

KELSEY, Respondent, v. VON KEUREN, Appellant. (Supreme Court, Appellate Division, Third Department. January 9, 1907.) Action by Jennie Kelsey against William W. Von Keuren.

PER CURIAM. Judgment affirmed, with costs.

PARKER, P. J., not sitting.

KENNEY, Appellant, v. CENTRAL R. CO. OF NEW JERSEY, Respondent. (Supreme Court, Appellate Division, First Department. February 8, 1907.) Action by Sarah S. Kenney, as administratrix, against the Central Railroad Company of New Jersey. W. C. Beecher, for appellant. R. Thorne, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

KIMMEL v. KIMMEL. (Supreme Court, Appellate Division, First Department. February 15, 1907.) Action by August A. Kimmel against Lydia Kimmel. No opinion. Motion granted, with $10 costs. Order filed.

KNICKERBOCKER TRUST CO. v. ONEONTA, C. & R. S. RY. CO. et al. (Supreme Court, Appellate Division, Third Department. January 9, 1907.) Action by the Knickerbocker Trust Company, as trustee, against the Oneonta, Cooperstown & Richfield Springs Railway Company. No opinion. Motion for leave to go to the Court of Appeals granted, and questions certified as follows: First. May a defendant without the service of an answer by himself require a determination of the ultimate rights of himself and a codefendant as between themselves on an answer demanding such determination served on him by such codefendant? Second. Did the Special Term, under the pleadings and proof herein, properly render a judgment determining as between the defendants the ownership of the bonds?

KNICKERBOCKER TRUST CO. v. ONEONTA, C. & R. S. RY. CO. et al. (Supreme Court, Appellate Division, Third Department. January 18, 1907.) Action by the Knickerbocker Trust Company, as trustee, against the Oneonta, Cooperstown & Richfield Springs Railway Company and others. No opinion. Order of reversal settled as proposed by the defend-

ants Lounsbury. Motion to certify additional question to the Court of Appeals denied.

---

KNIGHT, Respondent, v. CITY OF BUF-FALO, Appellant. (Supreme Court, Appellate Division, Fourth Department. January 30, 1907.) Action by George L. Knight against the city of Buffalo. No opinion. Judgment affirmed, with costs.

---

KNAGGS et al., Respondents,. v. R. E. GOULD CO., Appellant. (Supreme Court, Appellate Term. February 4, 1907.) Appeal from Municipal Court, Borough of Manhattan, Eighth District. Action by Roy S. Knaggs and others against the R. E. Gould Company. From a judgment for plaintiffs' defendant appeals. Reversed, and new trial ordered. Alexander Thain, for appellant. Adolph M. Schwarz (E. Merriam Bagg, of counsel), for respondents.

BLANCHARD, J. The plaintiffs made a written offer to furnish to the defendant 10,000 copies of a certain booklet, including covers, for a certain price, and should an extra kind of cover be required an additional charge was to be made. This offer was accepted by the defendant. Some time after the plaintiffs delivered to the defendant about a dozen copies of the booklet with covers, and later from 500 to 1,000 also with covers. Instead of delivering the balance of the order to the defendant, the plaintiffs sent them in sheets without covers and unbound to a bindery, to be finished at the expense of the defendant. They contend that they were sent to the bindery pursuant to direction of the defendant. This the defendant denies, and claims that the plaintiffs did not comply with the terms of their contract, in that they failed to deliver the booklets complete with covers. The evidence in the case fails to disclose any change in the terms of the written contract as to covers. The booklets which were delivered to the defendant were bound, and it is difficult to escape the conclusion that the entire order, when delivered, were to have covers and bindings. The defendant so testifies, and we think the preponderance of evidence is in favor of her contention. The evidence shows that the plaintiffs agreed to deliver the booklets with covers, and that they failed in the main to keep their agreement. Since the failure to comply with the agreement is not explained by the evidence, it follows that the judgment rendered for the plaintiffs, which involved a dismissal of the defendant's counterclaim, should be reversed. Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

KOEGLER, Respondent, v. KOEGLER, Appellant. (Supreme Court, Appellate Division, First Department. January 25, 1907.) Action by Louise Koegler against John C. Koegler. T. J. O'Neill, for appellant. G. G. Worden, for respondent. No opinion. Order modified by striking out the $100 allowed for back alimony, and by reducing the allowance for alimony to $15 a week, and, as modified, affirmed, without costs. Settle order on notice.

---

KRESSLER, Appellant, v. INTERURBAN ST. RY. CO., Respondent. (Supreme Court, Appellate Division, First Department. February 8, 1907.) Action by Henry Z. Kressler against the Interurban Street Railway Company. G. V. S. Williams, for appellant. B. H. Ames, for respondent. No opinion. Judgment and order affirmed, with costs. Order filed.

---

LAM, Appellant, v. LAM, Respondent. (Supreme Court, Appellate Division, First Department. January 25, 1907.) Action by Rosie Lam against Louis Lam. M. Schleimer, for appellant. N. C. Neuwirth, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

LANCASTER SEA BEACH IMPROVE-MENT CO., Respondent, v. GILSEY et al., Appellants. (Supreme Court, Appellate Division, Second Department. January 11, 1907.) Action by the Lancaster Sea Beach Improvement Company against Andrew Francis Gilsey and others. No opinion. Order affirmed, with $10 costs and disbursements.

---

In re LANDS ON HERKIMER ST. & NEW YORK AVE. IN BOROUGH OF BROOK-LYN, CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. January 31, 1907.) In the matter of acquiring title by the city of New York to certain lands and premises situated on the southeasterly corner of Herkimer street and New York avenue, in the borough of Brooklyn in the city of New York, duly selected as a site for school purposes according to law. The Borough Bank of Brooklyn, petitioner. No opinion. Motion granted.

---

In re LANDS ON OCEAN PARKWAY, ETC., IN BOROUGH OF BROOKLYN, CITY OF NEW YORK. (Supreme Court, Appellate Division, Second Department. January 31, 1907.) In the matter of acquiring title by the city of New York to certain lands and premises bounded by Ocean Parkway, Avenue Y, East. Sixth street, Canal avenue, and Coney Island Creek, in the borough of Brooklyn, city of New York, excepting therefrom lands now owned by the city of New York duly selected for the department of public charities according to law. (In re petition of Bertha G. McLaughlin.) No opinion. Application granted, and proceedings referred to Horatio C. King, Esq., to take testimony and report to the court with his opinion. Order signed.

---

LANGDON, Respondent, v. NORTHWEST-ERN MUT. LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. January 30, 1907.) Action by Andrew Langdon against the Northwestern Mutual Life Insurance Company. No opinion. Decision and order entered herein on the 28th day of December, 1906 (101 N. Y. Supp. 914), resettled, and made to provide that the judgment and order repealed from be reversed, and a new trial ordered, with costs to the appellant to abide the event.